## American Bank's Appeal.
## Robinson v. Floyd et al.

*Practice, C. P.—Entry of judgments—Joint debts.*

In an action against several persons on a joint debt, judgment cannot be entered against certain of the defendants for want of a sufficient affidavit of defence, unless judgment is also entered against those of the defendants who have made no defence whatever.

Argued Oct. 26, 1892. Appeal, No. 38, Oct. T., 1892, by defendants, The American Bank, from order of C. P. No. 2, Allegheny Co., Oct. T., 1891, No. 385, making absolute a rule for judgment against certain of the defendants, and discharging a rule for judgment against others, in action by Samuel M. Robinson against defendants, trading as the American Bank. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit to recover amount of deposit.

The facts are similar to those of Campbell v. Floyd, supra. The court, in an opinion by WHITE, J., made absolute a rule for judgment for want of a sufficient affidavit of defence against Joseph Walton, James W. Arrott, Louis Peterson, Jr., James Bovard and Cyrus L. Rose. A rule for judgment was discharged as to Charles Arbuthnot, C. F. Klopfer, Edward House, Graham Scott, Arch. Wallace and H. J. Murdoch. No judgment was entered against William Floyd and Thomas M. Marshall, two of the defendants who were served, but who made no defence.

*Error assigned* was (3) in entering of judgment against Joseph Walton, James W. Arrott, Louis Peterson, Jr., James Bovard and C. L. Rose, and in not entering judgment against Wm. Floyd and Thomas M. Marshall.

*M. A. Woodward, D. T. Watson* and *I. S. Van Voorhis,* with them *Samuel McClay* and *C. C. Dickey,* for appellants.

*G. A. Jenks, C. P. Robinson* with him, for appellee.

OPINION BY MR. JUSTICE HEYDRICK, January 3, 1893:

The affidavits of defence filed by the appellants in this case do not differ in any material respect from those filed by the same parties in Campbell v. Floyd et al., supra, and, therefore,

if there were nothing else to differentiate the cases, the reasons given in the latter case would require the affirmance of the judgment in this. But while in Campbell v. Floyd et al. judgment was given against all the defendants except those whose affidavits of defence were held by the learned court below to be sufficient, in the present case judgment was refused as to two of the defendants, William Floyd and Thomas M. Marshall, who made no defence at all. This was a severance in the proceedings not authorized by the common law or by any of our statutes, and for this alone, for the reasons given in Murtland v. Floyd et al., decided at this term, [the next case] the judgment must be reversed.

Judgment reversed and a procedendo awarded.